[Cite as *Tate v. Owens State Community College*, 2010-Ohio-6609.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


KEVIN J. TATE

Plaintiff

v.

OWENS STATE COMMUNITY COLLEGE

Defendant
Case No. 2009-04963

Judge Clark B. Weaver Sr.

DECISION


{¶ 1} On October 4, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 1, 2010, the motion came before the court for a non-oral hearing pursuant to L.C.C.R. 4. On November 2, 2010, plaintiff filed a motion for an extension of time to file a response to defendant's motion. Upon review, plaintiff's motion is DENIED.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff alleges that he enrolled in defendant's Medical Imaging/Radiography (MIR) associate's degree program in January 2006, and that defendant dismissed him from the program in June 2007. Plaintiff relates that the grounds for his dismissal were three formal "disciplinary actions," or written reprimands, which defendant issued to him, and he explains that a handbook issued to all MIR students provides that students shall be automatically dismissed from the program upon being issued a third such disciplinary action. Plaintiff claims that his dismissal was wrongful, however, in that the allegations made in the first disciplinary action were false, that he was not provided with an opportunity to meet with relevant individuals regarding his second disciplinary action, and that a lesser form of discipline would have been more appropriate than the third disciplinary action. Plaintiff further alleges that defendant did not afford him an opportunity to appeal the dismissal.

{¶ 5} Defendant asserts that plaintiff's dismissal and all other disciplinary action taken against him complied with the terms of the MIR Handbook and Owens Student Handbook.

{¶ 6} It is well-settled that the relationship between a college and a student who enrolls, pays tuition, and attends class is contractual in nature, and that the terms of this contractual relationship may be found in the handbook, catalogue, and other guidelines supplied to students. *Bleicher v. Univ. of Cincinnati College of Med.* (1992), 78 Ohio App.3d 302, 308; *Embrey v. Central State Univ.* (Oct. 8, 1991), Franklin App. No. 90AP-1302, citing *Smith v. Ohio State Univ.* (1990), 53 Ohio Misc.2d 11, 13.

{¶ 7} In addressing an alleged breach of such contract, a trial court is required to defer to academic decisions of a college unless it is perceived that there existed "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Bleicher*, supra, at 308, quoting *Regents of the Univ. of Mich. v. Ewing* (1985), 474 U.S. 214, 225.

**{¶ 8}** In support of its motion, defendant submitted the affidavits of Catherine Ford, Chair of the Medical Imaging Department; Gwen Bartok, Clinical Coordinator for the Medical Imaging Department; and Susan Welling, Clinical Teaching Assistant for the Medical Imaging Department. Attached to the affidavits are authenticated documents pertaining to plaintiff's claim, including a copy of the MIR Handbook and Owens Student Handbook.

**{¶ 9}** The MIR Handbook sets forth the policy under which students may be disciplined and dismissed from the MIR program. Student conduct which is "a threat to the safety of patients or staff as well as breaches of hospital and patient confidentiality" is deemed a "Group I" offense and results in immediate dismissal from the program. Student conduct which violates "procedures as listed in the department manual" is deemed a "Group II" offense. Group II offenses are subject to progressive discipline whereby "[t]he third Group II offense (three total offenses, not necessarily in the same course) will result in a failing grade for the student and immediate dismissal from the program with no opportunity for readmission."

**{¶ 10}** In her affidavit, Welling states that she issued plaintiff's first Group II disciplinary action on September 28, 2006, for violations of the standards set forth in the MIR Handbook pertaining to "professional protocol, dress code for practice exams, and professional behavior and appearance." More specifically, Bartok states in her affidavit that this disciplinary action resulted from concerns which she and others had about plaintiff's personal hygiene, including "profuse sweating," wearing "too much shaving lotion," "overwhelming smell of cigarette smoke, bad breath, and offensive body odor."

**{¶ 11}** Bartok states that on December 6, 2006, she issued plaintiff's second Group II disciplinary action for violations of the standards set forth in the MIR Handbook relative to "inconsiderate treatment of patients, visitors, students, or hospital employees and failure to perform responsibilities or to exercise reasonable care in the performance of responsibilities." Ford states that the disciplinary policy set forth in the MIR Handbook required her, as the department chair, to review this second disciplinary action with plaintiff, and that they did so on December 6, 2006.

**{¶ 12}** Ford states that on June 26, 2007, plaintiff was issued a third Group II disciplinary action for treating a patient without supervision in violation of the MIR

Handbook, pages 68-69. Ford further states that she reviewed this disciplinary action at the time it was issued and found it to be "appropriate and within the guidelines of [defendant] and the MIR program policy."

{¶ 13} Ford avers that as a result of the third Group II disciplinary action, defendant dismissed plaintiff from the MIR program. Ford goes on to state that the Owens Student Handbook provided a process by which plaintiff could have appealed his dismissal, but that plaintiff did not do so. According to Ford, "[defendant's] actions were accepted academic norms and made by staff who exercised professional judgment. I personally believe I made all decisions concerning [plaintiff] using professional judgment and under the policy and guidelines in the Owens Student and MIR Handbook."

{¶ 14} Plaintiff did not timely file a response to defendant's motion, nor did he timely provide the court with any affidavit or other permissible evidence to support his allegations.

{¶ 15} Civ.R. 56(E) states, in part, as follows:

{¶ 16} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 17} Based upon the uncontested affidavit testimony of Ford, Bartok, and Welling, reasonable minds can only conclude that defendant dismissed plaintiff from his program of study in accordance with the terms of the MIR Handbook and Owens Student Handbook.

{¶ 18} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to summary judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant. All other pending motions are DENIED as moot.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN J. TATE

     Plaintiff

     v.

OWENS STATE COMMUNITY COLLEGE

     Defendant
     Case No. 2009-04963

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Jennifer A. Adair
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Kevin J. Tate
2219 St. Charles Road
Toledo, Ohio 43615

RCV/cmd
Filed December 16, 2010
To S.C. reporter January 4, 2011